IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as liquidating agent for LOCK HAVEN AREA FEDERAL CREDIT UNION, | : : : : : : | No. 4:06-CV-00308 |
| Plaintiff, | : : | (Judge McClure) |
| v. | : : | |
| JOSEPH S. FISHER, | : : | |
| Defendant. | : | |

**O R D E R**

March 10, 2006

**BACKGROUND:**

On August 4, 2005, Lock Haven Area Federal Credit Union ("Lock Haven") filed a complaint in the Clinton County Court of Common Pleas against defendant Joseph S. Fisher seeking $7,229.17, plus interest, attorney fees, and costs, based on Fisher's default on an installment note issued to defendant by Lock Haven. On August 8, 2006, the Nation Credit Union Administration ("NCUA"), placed Lock Haven into liquidation. Thereafter, the NCUA was appointed as liquidating agent for Lock Haven. On August 23, 2005, Fisher filed his answer and new matter,

1

including a two-count counterclaim against Lock Haven asserting violations of the Uniform Commercial Code and violations of the Unfair Trade Practice Act.

On or about February 6, 2006, the NCUA, as liquidating agent for Lock Haven, filed a Voluntary Substitution as Party Plaintiff with the Clinton County Court of Common Pleas, substituting itself as successor for Lock Haven. On February 10, 2006, the NCUA Board removed the lawsuit to this court.[1]

On February 14, 2006, plaintiff filed a motion to dismiss Fisher's counterclaims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Defendant has not filed a brief in opposition and the motion is now ripe for our review. Under our local rule LR 7.6, defendant is deemed not to oppose the motion.

For the following reasons we will grant plaintiff's motion to dismiss Fisher's counterclaims.

**DISCUSSION:**

Defendant's counterclaims against Lock Haven assert violations of the Uniform Commercial Code and violations of the Unfair Trade Practice Act. The

---

[1] We have jurisdiction of this case regardless of the amount in controversy under 12 U.S.C. § 1789(a)(2), and pursuant to 28 U.S.C. § 1345, because the NCUA is an independent federal agency.

counterclaims relate to the manner in which Lock Haven seized Fisher's 1997 Pontiac Grand Am in connection with it's being held as collateral on the note at issue. As his answer indicates, defendant is aware that Lock Haven has been placed into liquidation. The counterclaims relate to an act or omission of the credit union. Thus, there is no judicial review of Fisher's counterclaims pursuant to 12 U.S.C. § 1787(b)(13)(D)(ii). We lack jurisdiction to hear defendant's counterclaims and they must be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's motion to dismiss defendant's counterclaims is granted. (Rec. Doc. No. 2.)

    2.    Defendant's counterclaims asserting violations of the Uniform Commercial Code and violations of the Unfair Trade Practice Act are dismissed for lack of subject matter jurisdiction pursuant to 12 U.S.C. § 1787(b)(13)(D)(ii).

      s/ James F. McClure, Jr.
    James F. McClure, Jr.
    United States District Judge